**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MARK ANTHONY NOONAN,** § | |
| Petitioner, § | |
| § | |
| v. § | Cause No. EP-24-CV-117-KC |
| § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE and RICHARD WILES,** § | |
| Respondents. § | |

**MEMORANDUM OPINION AND ORDER**

Mark Anthony Noonan challenges his continued detention in the El Paso County Jail Annex through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1. His petition is denied for the following reasons.

Noonan claims that Sheriff Richard Wiles has detained him at the El Paso County Jail Annex since June 20, 2023. *Id.* at 2. He explains that he was arrested based on allegations of public intoxication in Lubbock, Texas, and making a terroristic threat in Amarillo, Texas. *Id*. He adds that because he was on parole at the time of his arrests, he was served a "blue warrant" for violations of the conditions of his supervised release and was required to appear at a preliminary prole revocation hearing on August 22, 2023. *Id*. He claims that he was informed by his counsel on August 29, 2023, that the Board of Pardons and Paroles (the Board) had "decided to move forward to a revocation hearing upon adjudication of the [new] charges." *Id*. He complains that the new changes have not yet been adjudicated and he remains incarcerated in El Paso. *Id*. So, in his petition he challenges "the blue warrant hold [and] the Board's decision of not granting [him] a final revocation hearing" as a violation of his due process rights. *Id.* He asks the Court to intervene in his behalf and order the Board "to dismiss the revocation proceedings and release [him] from confinement." *Id*. at 9.

To prevail on a § 2241 petition, the petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

> A parolee's minimum due process rights during revocation proceedings include:
>
> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Notably absent from this list is the right to a speedy trial because "parole revocation[ ] is not a stage of a criminal prosecution." *United States v. Williams*, 558 F.2d 224, 226 (5th Cir. 1977) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Rather, as a matter of federal due process, a parolee is entitled only to a revocation hearing within a *reasonable* time after he is taken into custody. *Morrissey*, 408 U.S. at 488 (emphasis added). Consequently, a delay in providing a hearing does not necessarily constitute a violation of due process entitling the parolee to immediate release. *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 838 (5th Cir. 1993). To obtain federal habeas relief, a petitioner must demonstrate the delay is both unreasonable and results in actual prejudice. *Id.* (citations omitted). But a delayed final revocation hearing during the period in which a parolee is awaiting trial on new criminal charges is not "unreasonable or prejudicial." *Beck v. Wilkes*, 589 F.2d 901, 903 (5th Cir. 1979).

Accepting all of Noonan's claims as true, it plainly appears from his petition that he cannot meet his burden of showing he is in custody in violation of the Constitution or laws or treaties of the United States. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that that Mark Anthony Noonan's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED this 11th day of May, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE